JAMES H. HEALEY *et al.* *vs.* ALICE KELLY,

PROVIDENCE—JANUARY 9, 1903.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Deeds. Plats. Description.*

A., being the owner of land, made a plat showing certain lots on both sides of a street. A lot abutting on the south side of the street, and belonging to A., was not shown on the plat. A. conveyed the lot to the ancestors in title of complainant by deed, bounding the lot "northerly till it strikes the south line of Federal street [the street in question], thence in the line of said street easterly," etc :—

*Held*, that the deed carried title to the centre of the street not by reason of ownership on the plat, but by bounding on the street, since grantor retained title to the centre of the street which passed to his grantee, subject to the easement of a way.

(2)  *Streets.   Deeds.   Easements.*

*Held*, further, that complainant was entitled to an easement in the street to its full length, and not merely between the lines of his lot.

(3)  *Abandonment of Easement.   Obstruction of Way.*

A previous obstruction of the way by grantor to complainant, for which respondent brought suit, did not amount to an abandonment of the way, if it would at all, when it appeared that the width of the street was disputed and respondent claimed obstruction to be within his own line.

(4)  *Deeds.   Streets.   Exclusive Possession.   Easements.*

The maintenance of steps in a street is not an exclusive possession when they were for the more convenient use of the street.   Anyone entitled to use the street could use the steps.

BILL IN EQUITY.   Heard on bill, answer, and proofs.

PER CURIAM.   The court is of opinion that the effect of the deed of Hewitt, in 1847, was to carry title to the middle of the way called Federal street to Michael McKenna, ancestor in title to the complainants, and hence to them.   *Anthony* v. *Providence*, 18 R. I. 699 ; *Baker* v. *Barry*, 22 R. I. 471.

(1)  While the street was shown on a plat of land belonging to Hewitt, in which the lot in question was not included, he owned the lot abutting on said street, and, therefore, as his deed of lots on the north side carried title to the centre of the street, he retained title also to the centre, while he owned the lot in question on the south side and it passed to his grantee and so on to the complainants, who have title subject to the easement of a way, not by reason of ownership on the plat, but by bounding on the street.

(2)  The respondent claims that the complainants' title in the street cannot extend beyond the line of their lot.   This is true ; but it does not establish the respondent's right to maintain the fence between Federal and Gesler streets, because the complainants are entitled to an easement in the street to its full length.   It would be absurd to hold that an owner had an easement only between the lines of his lot, for he could then

be shut off on both sides and thus be deprived of the use of the street.

(3)　A previous obstruction of the way by the grantor to the complainants, for which the respondent brought suit, Equity No. 3189, April, 1891, does not amount to an abandonment of the way, if it would at all, when, as it appeared in that case, the width of the street was disputed and the respondent claimed the obstruction to be within his own line.

(4)　The maintenance of steps by the respondent in the street was not an exclusive possession. They were for the more convenient use of the way in going from one street to the other, where there was a bank. Anyone entitled to use the street could use the steps.

The complainant is entitled to the relief prayed for.

*P. Henry Quinn*, for complainants.

*Doran & Flanagan*, for respondent.